UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES DIXON, SR., ET AL. | CIVIL ACTION |
| VERSUS | NO: 11-2372 |
| MARK STARRING, ET AL. | SECTION: R(4) |

**ORDER AND REASONS**

Before the Court is plaintiffs' motion for leave to file exhibits 5 and 6 of their motion to remand under seal, or in the alternative to file the exhibits into the record.  Because the exhibits do not contain proprietary information, the Court DENIES plaintiffs' motion for leave to file the exhibits under seal and GRANTS plaintiffs' motion to file the exhibits into the record.

**I. Background**

This case arises from allegations regarding a hip prosthesis known as the DePuy ASR.  On August 24, 2011, Charles and Venda Dixon filed a complaint in state court against Mark Starring and Associates, Inc., Mark Starring, DePuy Orthopaedics, Inc., Johnson & Johnson, and Administrators of the Tulane Educational Fund and University Healthcare System, L.C. alleging that the DePuy ASR hip implant that was sold and implanted in the plaintiff is defective.  Defendants removed the action to federal court.

In a separate state court case against the same defendants, *Plaisance v. Ochsner Clinic Foundation*, the court entered a stipulated protective order of confidentiality signed by all parties. Under that order, all references in motions or briefs to information in a "protected document" are to be filed under seal to the extent permitted by the applicable court rules and procedures. "Protected documents" are defined in the stipulated order as documents that contain trade secrets and other information that is of a proprietary, business, financial or technical nature and not readily known or available to competitors or the public. Plaintiffs now move to file exhibits 5 and 6 to their motion to remand under seal.

## II. Discussion

The decision to seal a record "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)(citing *U.S. v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)). "[T]he power to seal court records must be used sparingly in light of the public's right to access." *Id.* Courts recognize a common law right to access judicial records and proceedings, but "the right is not absolute." *Bahwell v. Stanley-Bostitch, Inc.*, No. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002). Public access serves

to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better.  *Id.* (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).  It follows that "the district court's discretion to seal the record of judicial proceedings is to be exercised charily."  *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 848).  Although countervailing interests can outweigh the right of public access, the party who seeks to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption.  *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).  The decision as to access is left to the discretion of the trial court, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), but any doubt must be construed in favor of disclosure.  *Marcus v. St. Tammany Parish Sch. Bd.*, No. Civ. A. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997) (citing *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)).

    Plaintiffs request that the Court seal exhibits 5 and 6.  Plaintiffs assert that sealing is necessary to comply with the terms of the state court's stipulated order of confidentiality in the *Plaisance* case because exhibits 5 and 6 are "protected documents" in that matter.  Plaintiffs concede, however, that the exhibits contain no proprietary information and that the

documents are already redacted. The Court therefore finds no reason to seal the exhibits.

Accordingly, the Court DENIES plaintiffs' motion to seal exhibits 5 and 6 and GRANTS plaintiffs' motion to file the exhibits into the record.

New Orleans, Louisiana, this 26th day of October, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE