IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES DIXON, SR., et al.,

                         Plaintiffs,              Case No. 1:12 dp 20258

         -vs-

                                               <u>MEMORANDUM OPINION</u>

MARK STARRING AND ASSOCIATES, INC.,
et al.,

                         Defendants.

KATZ, J.

The Administrators of the Tulane Educational Fund, doing business as the Tulane University School of Medicine (Defendant) have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 20).  Plaintiffs have failed to file a response.

## I. Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. Facts

On August 24, 2011, Plaintiffs filed this action for damages against the Defendant, among others, in the Civil District Court for the Parish of Orleans, Louisiana.  Plaintiff Charles Dixon alleged that he underwent surgery for the implantation of a DePuy ASR hip device. Plaintiffs asserted that the device was defective.  On September 21, 2011, the case was removed to the United States District Court for the Eastern District of Louisiana.  Following removal, the case was transferred to the undersigned by the Judicial Panel on Multidistrict Litigation.  *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.,* 1:10-md-2197 (N. D. Ohio).

The Defendant argues that Plaintiffs' complaint is premature as their claims are governed

by the Louisiana Medical Malpractice Act, La. Rev. Stat. § 40:1200.41 et seq.  Under the statute,

Plaintiffs must present their claims to a medical review panel prior to instituting a lawsuit.  To

date, Defendant states that the Plaintiffs have failed to comply with the process before the

medical review panel.  Defendant asserts that under Louisiana law, an individual is prohibited

from filing a cause of action in any court until after the medical review panel has rendered its

decision.

### III.  Motion to Dismiss Standard

Under Rule 12(b)(6), the Court construes the record in the light most favorable to the

non-moving party, accepting all well-pleaded factual allegations as true.  *Terry v. Tyson Farms,*

*Inc.*, 604 F.3d 272, 274 (6th Cir. 2010).  While a complaint will survive a motion to dismiss if it

contains "either direct or inferential allegations respecting all material elements" necessary for

recovery under a viable legal theory, this Court "need not accept as true legal conclusions or

unwarranted factual inferences, and conclusory allegations."  *Id.* at 275–76 (citation and internal

quotation marks omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do.*"  Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

alterations omitted).  Rather, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### IV.  Discussion

Because this case is before the Court based upon its diversity jurisdiction under § 1332,

the Court must apply the state substantive laws of Louisiana.  *Gasperini v. Ctr. for Humanities*,

*Inc.*, 518 U.S. 415, 427 (1996); *Erie RR. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Biegas v.*

*Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009).  In discussing the requirements to

bring a cause of action against medical entities such as the Defendant, the court in *Santiago v.*

*Tulane Univ. Hosp. & Clinic*, 115 So.3d 675, 681 (La. Ct. App. 2013), stated:

> Medical malpractice actions against qualified healthcare providers are
> governed by special legislation.  *LeBreton v. Rabito*, 97–2221, p. 7 (La. 7/8/98),
> 714 So.2d 1226, 1229.  According to La. R.S. 40:1299.47(B)(1)(a)(I), in order to
> file a malpractice claim against a qualified provider, a plaintiff must first file a
> complaint with the PCF [Louisiana Patient's Compensation Fund and Oversight
> Board] requesting that the claim be submitted to a medical review panel for
> review.  This PCF action then suspends prescription against all parties named in
> the complaint and all joint and solidary obligors until ninety days following
> notification of the opinion to plaintiff's counsel under La. R.S.
> 40:1299.47(A)(2)(a).

The court noted that "La. R.S. 40:1299.47(B)(1)(a)(i) states: 'No action against a health care

provider covered by this Part, or his insurer, may be commenced in any court before the

claimant's proposed complaint has been presented to a medical review panel'."  *Id*. at 681 n.8.

Plaintiffs alleged "any and all claims not covered by the Louisiana Medical Malpractice

Act, and stipulate that the claims herein are only for such non-medical malpractice as [the

Defendant] may be found liable."  (Doc. No. 1-1, p. 7, ¶ 7).  Plaintiffs further asserted "that a

seller and/or distributor warrants the buyer against redhibitory defects, or vices, in the thing sold

which were known or should have been known to each and both of them.  All Defendants were

sellers and/or distributors in the chain of custody."  (Doc. No. 1-1, p. 8, ¶ 7).  The Plaintiffs also

alleged that the Defendant was "both a seller and installer of Plaintiff's device."  (Doc. No. 1-1,

p. 9, ¶ 12).  Although the Plaintiffs assert all claims not covered by the state's medical

malpractice statute, because they alleged that the Defendant was both the seller and installer of

the hip device, the state courts of Louisiana have held that the administrative procedures

3

mandated by the Medical Malpractice Act are applicable.  *Rogers v. Synthes, Ltd.*, 626 So.2d

775, 777 (La. Ct. App. 1993).   Because the Plaintiffs have failed to comply with the

administrative requirements of the Louisiana Medical Malpractice Act, Defendant's motion to

dismiss is granted without prejudice.

## V.  Conclusion

Accordingly, Plaintiffs' complaint against the Administrators of the Tulane Educational

Fund, doing business as the Tulane University School of Medicine is dismissed without

prejudice pursuant to Rule 12(b)(6).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE